## Springfield Township School Directors

*James G. Glessner*, for petitioners.

*Horace G. Ports* and *S. K. McCall*, for respondents.

NILES, P. J., February 6, 1933.—This case is presented to the court upon the pleadings and argument of counsel.

On December 19, 1932, 138 residents and taxpayers of the school district of Springfield Township, York County, Pa., filed their petition praying for the removal of H. E. Waltemyer, H. A. Lentz and B. A. Trout, three of the seven directors of the school district of Springfield Township, for alleged violations of the School Code during the years 1930 and 1931. On January 2, 1933, H. E. Waltemyer, H. A. Lentz and B. A. Trout, the attacked directors, filed their answer. No replication was filed. . . .

The substance of the conduct of these respondents complained of is: As school directors they allowed a depository to receive school funds without furnishing a bond, as required by section 509 of the School Code of 1911; they per-

mitted the secretary to enter upon the duties of his office without furnishing a bond for the faithful performance of his duties, in accordance with section 321 of the School Code; they permitted their elected treasurer to enter upon the duties of his office without furnishing a bond, as required by section 326 of the School Code; they caused to be paid to some of the directors sums of money, to wit, $16.77 to James E. Godfrey, $29 to G. C. Krout, and $13.50 to H. E. Waltemyer, alleged to be for labor performed by their families, in violation of section 226 of the School Code; they caused to be paid to the treasurer out of school funds $100 per year for his services, and divided among the other directors the balance of the nominal compensation for treasurer's services, calculated at the rate of 2 percent on the amount of funds paid out on school orders, the amount received by the other directors being several times greater than the amount actually received by the treasurer, in violation of section 329 of the School Code.

It is the contention of the petitioners that the conduct of the respondents calls for their removal in accordance with the provisions of section 217 of the School Code.

Our attention is called to the case of Coal Township School Directors, 290 Pa. 200. In the opinion of Mr. Justice Frazer (page 204), referring to section 217 of the School Code of 1911, is the statement: "This section is mandatory both in its tenor and its terms. Being thus mandatory, it becomes the imperative duty of the court to remove from their office a school board, or any of the members, if the facts in the case as shown by the evidence warrant and require such removal." Counsel for petitioners insists that this leaves no discretion to the court. He says that the facts show that the respondents have not done the mandatory duty imposed upon them, and therefore a decree of removal is required.

We cannot wholly concur in this view, and have therefore considered the facts presented and are forced to conclude that the conduct of the respondents does require their removal. Even without the advice of counsel the respondents knew that they accepted their office under the terms of section 224 of the School Code without pay and that none of them could legally be employed in any capacity or receive from the school district any pay for services rendered, except as provided for in the act; except that the secretary may receive for his services such compensation as the board may fix; and the treasurer shall be paid such compensation as the board may determine, not to exceed 2 percent of the amount of funds paid out on school orders.

The system pursued by these respondents in causing school funds to be paid to themselves and fellow directors, by the device of having the aggregate considered as compensation of the treasurer, was necessarily deliberate and intentional, and so contrary to the letter and spirit of the School Code as to require, in the general public interest, animadversion and at least the penalty of removal of the guilty ones.

It is urged on behalf of the respondents that what they did was in accordance with a long-continued system of themselves and their predecessors in office, that they were without legal advice, and that when informed of the illegality of the practice, they discontinued it.

It is evident that the compensation for his services satisfactory to the treasurer was $100, and that the additional amount divided among the other directors was a taking out of school funds and appropriation to the other directors as a gratuity and without legal consideration or authority. The respondents have not returned to the school district treasury the amounts illegally received by them, nor have they been surcharged. The only penalty called for is their removal.

The law recognizes the office of school director as requiring such high character, intelligence, and public spirit as to induce the voters to elect, and those chosen to accept the duties and obligations involved without the motive or possibility of personal financial advantage. Practices such as are shown to have been followed by these respondents and their predecessors, if even tacitly approved or ignored when brought to the attention of the court, would undermine the fine public purpose upon which the school law is based. It would be dangerous to give countenance to the proposition advanced on behalf of these respondents that general acquiescence in continued violation of legal obligations by public officials be recognized as an excuse.

And now, February 6, 1933, the court being of opinion that the respondents, H. E. Waltemyer, H. A. Lentz and B. A. Trout have failed to comply with provisions of the School Law of 1927, thereby made mandatory upon them to perform, it is decreed that said respondents be removed from their offices as school directors of the School District of Springfield Township, York County, Pa., and that they pay the costs of this proceeding.

From George Hay Kain, York, Pa.